UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY PERDUE,

                        Plaintiff,

                                            CIVIL CASE NO. 07-10076

v.

COMMISSIONER OF SOCIAL SECURITY,      HONORABLE PAUL V. GADOLA
                                                             U.S. DISTRICT COURT
                         Defendant.
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

Before this Court are the parties' cross-motions for summary judgment and the Report and Recommendation of the Honorable Steven D. Pepe, United States Magistrate Judge. The Magistrate Judge served the Report and Recommendation on the parties on January 28, 2008, and notified the parties that any objections must be filed within ten days of service. Plaintiff timely filed objections to the Report and Recommendation. For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation, granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

    **I.**    **Background**

Plaintiff filed an application for disability benefits alleging that his date of disability had commenced on January 24, 2003. After Plaintiff's disability application was denied upon initial review, Plaintiff was granted an administrative hearing on his application, which was held on October 21, 2005. On June 16, 2005, the Administrative Law Judge ("ALJ") issued a ruling finding that Plaintiff was disabled as of February 24, 2006. The ALJ also ruled that Plaintiff was not

disabled before February 24, 2006 because Plaintiff could perform a significant number of sedentary-level jobs despite his impairments. Plaintiff appealed the ALJ's decision to the Appeals Council, which declined to grant a review, thereby making the decision by the ALJ the final decision of the Social Security Commissioner. Plaintiff appealed the ALJ decision to this Court pursuant to 42 U.S.C. § 405(g). After the parties filed cross-motions for summary judgment and the Magistrate Judge recommended to uphold the ALJ decision, Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.

## II. Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions de novo. *Lardie*, 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Here, because Plaintiff filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie*, 221 F. Supp. 2d. at 807.

De novo review in these circumstances requires at least a review of the evidence before the

2

Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie*, 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a de novo review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because Plaintiff has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review the record de novo.

**III.     Analysis**

Since the Appeals Council declined to grant Plaintiff's request for appeal, the decision made by the ALJ became the final decision of the Social Security Commissioner. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993). A final decision of the Commissioner may be appealed to a district court pursuant to 42 U.S.C. § 405(g). This final decision must be affirmed by a district court if the Commissioner applied the correct legal standards and if the findings of fact are supported by substantial evidence. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support

a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). Moreover, "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth*, 402 F.3d at 595 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Considering the entire administrative record in this case, the Court finds that there is substantial evidence to support the ALJ's ruling. The ALJ carefully considered all the evidence, including the opinion of Dr. Chun, in coming to a decision. Plaintiff argues that the ALJ should have afforded more weight to Dr. Chun's opinion that Plaintiff was disabled. The ALJ reasonably noted that there was not substantial medical evidence of total impairment, in opposition to Dr. Chun's opinion. The ALJ also found that the testimony and the record indicated that Plaintiff had the capacity to perform certain sedentary jobs. Consequently, the ALJ was not bound by Dr. Chun's opinion.

In his objections to the Report and Recommendation, Plaintiff makes a new argument and states that he meets the disability listing set forth in 4.04B of the Social Security regulations, rather than the disability at 4.02B considered by the ALJ. The disability at 4.04B deals with ischemic heart disease. Plaintiff fails, however, to demonstrate that he suffered from three separate ischemic episodes, as required under 4.04B, and fails to demonstrate that the ALJ's ruling denying total disability is not supported by substantial evidence. Consequently, this Court will defer to the judgment of the ALJ. *See Longworth*, 402 F.3d at 595.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections to the

Magistrate Judge's Report and Recommendation [docket entry #16] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #15] is **ACCEPTED and ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry #12] is **DENIED** and Defendant's motion for summary judgment [docket entry #13] is **GRANTED**.

**SO ORDERED.**

Dated:   May 21, 2008                                  s/Paul V. Gadola
                                                       HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   May 21, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
 James A. Brunson; Barry F. Keller; Ann Marie Pervan; Commissioner of Social Security, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                             .

                                                       s/Ruth A. Brissaud
                                                       Ruth A. Brissaud, Case Manager
                                                       (810) 341-7845